UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUIS DE LUNA-RODRIGUEZ and DAVID
CASTANEDA MARTINEZ,

                  Plaintiffs,

  v.

MICHAEL TUSTIN, MIKHALE WILLIAM
TUSTIN, ROXANN TUSTIN, and TUSTIN
INVESTMENTS LLC, a Michigan limited
liability company,

                  Defendants.

Case No. 18-467

Hon. Janet T. Neff

Mag. Judge. Ellen S. Carmody

---

| | |
|---|---|
| Nakisha N. Chaney (P65066)<br>Jennifer B. Salvatore (P66640)<br>SALVATORE PRESCOTT & PORTER<br>*Attorneys for Plaintiffs*<br>105 E. Main St.<br>Northville, MI 48167<br>(tel.) 248.679.8711<br>chaney@spplawyers.com<br>salvatore@spplawyers.com<br><br>Jessica Glynn (P81140)<br>YWCA KALAMAZOO<br>*Attorney for Plaintiff*<br>353 E. Michigan Ave.<br>Kalamazoo, MI 49007<br>(tel.) 269.345.5595<br>jglynn@ywcakalamazoo.org | Rebecca L. Strauss (P64796)<br>Mark S. Wilkinson (P68765)<br>MILLER JOHNSON<br>*Attorneys for Defendants*<br>100 W. Michigan Ave., Ste. 200<br>Kalamazoo, MI 49007<br>(tel.) 269.226.2983<br>strausssr@millerjohnson.com<br>wilkinsonm@millerjohnson.com |

**JOINT STATUS REPORT**

A Rule 16 scheduling conference is scheduled for August 7, 2018 at 10:00 a.m. before the Honorable Janet T. Neff. Appearing for the parties as counsel will be:

| *Attorney for Plaintiffs:* | *Attorney for Defendants:* |
|---|---|
| Nakisha N. Chaney | Mark S. Wilkinson |

Counsel for the parties conferred by telephone on July 26, 2018. In accordance with Rules 16 and 26(f), the parties report the following.

1. **Jurisdiction:** The Court has original subject matter jurisdiction over Plaintiffs' claims arising under federal law, (Pls.' Second Am. Compl., Counts 1-3, Page.ID.110-12), and supplemental jurisdiction over Plaintiffs' state law claims (*Id.*, Counts 4-11, Page.ID.112-16).

2. **Jury or Non-Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have the United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of the final judgement.

4. **Statement of the Case:**

**Plaintiffs:** Defendant Michael Tustin compelled Plaintiffs to perform labor, for little to no pay, for the benefit of Tustin, his family and his real estate enterprise, by means of assault, intimidation, threatened abuse of the legal process, and fraud. Plaintiffs brought this action for forced labor and human trafficking against Tustin, and against those who knowingly benefitted from the trafficking, under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595, and Michigan's Human Trafficking Victims Compensation Act, M.C.L. § 752.983. Plaintiffs also state claims for national origin discrimination, assault and battery, breach of contract/promissory estoppel, wage and hour violations, and intentional infliction of emotional distress.

**Defendants:** Plaintiffs' claims and allegations are a complete mystery to Defendants. They have no knowledge of the supposed wrongdoing described in the complaint. The factual disconnect in this case is uniquely profound in that Defendants have zero understanding of any of

the substantive allegations in the complaint (and they still do not even know who Plaintiff David Castaneda is).

Plaintiff Luis de Luna-Rodriguez did sporadically perform some work on Tustin job sites, but he did so as an independent contractor just like every other tradesperson on the site.  In any event, nobody forced, coerced, or otherwise pressured Plaintiff Rodriguez to take these jobs and the allegations of forced and other claims are utter fantasy.  Plaintiffs' claims will ultimately fail because they are not true and because of their independent contractor status.

5. **Prospects of Settlement:**  The parties have had preliminary settlement discussions and plan to pursue private mediation to further explore settlement.

6. **Pendent State Claims:**  This case includes pendent state claims (Counts 4-11 of Plaintiffs' second amended complaint).

7. **Joinder of Parties and Amendment of Pleadings:**  The parties expect to file all motions to join parties or to amend pleadings by September 6, 2018.

8. **Disclosures and Exchanges:**

    (a) The parties will make their initial disclosures under Rule 26(a)(1)(A) by September 7, 2018.

    (b) Plaintiffs expect to be able to furnish names of their experts by November 16, 2018.  Defendants expect to be able to furnish names of their experts by December 17, 2018.

    (c) The parties agree to exchange expert reports in accordance with Rule 26(a)(2) and recommend that expert report disclosures and expert depositions (if any) will occur after the close of fact discovery.  Plaintiffs will disclose their expert witness reports 90 days before the scheduled trial date.  Defendants will disclose their expert witness reports 60 days before the scheduled trial date.

    (d) The parties have agreed to make available the following documents without the need of a formal request for production:  The parties plan to engage in written discovery in advance of private mediation, which will include the disclosures required by Rule 26(a)(1).

9. **Discovery:** The parties believe that they can complete fact discovery by April 8, 2019. Before expending substantial resources on discovery, however, the parties intend to focus on settlement with the assistance of a private mediator. For that reason, the parties have requested a slightly longer than normal period for discovery to account for settlement proceedings (including scheduling and limited pre-mediation discovery).

- (a) Plaintiffs will need discovery on Plaintiffs' claims, Defendants' defenses, the nature of Plaintiffs' work relationship with Defendants as well as the nature of other workers who were similarly situated to Plaintiffs (*i.e.*, employer, independent contractor), Plaintiffs' work, wage, hour and pay records, the financial and other benefits Defendants derived from Plaintiffs' labor, and Defendants' credibility. The need for discovery on additional subjects may arise during the course of litigation.

- (b) Defendants will need discovery on the alleged forced labor claims, human trafficking claims, and other claims asserted in Plaintiffs' complaint. Defendants will also need discovery regarding Plaintiffs' character for truthfulness, Plaintiffs' alleged damages, and their efforts to mitigate their alleged damages.

- (c) The parties recommend that discovery occur in two phases:

    - (i) First, fact discovery, with a cutoff date of April 8, 2019.

    - (ii) Second, expert discovery, if any, may occur after the close of fact discovery under the schedule contemplated by Rule 26(a)(2)(D). Plaintiffs will identify their expert witnesses by November 16, 2018. Defendants will identify their expert witnesses by December 17, 2018. Plaintiffs will disclose their expert witness reports 90 days before the scheduled trial date. Defendants will disclose their expert witness reports 60 days before the scheduled trial date. The parties may take expert depositions up to 30 days before trial.

- (d) The parties recommend no departure from the limitations on the number of interrogatories and depositions set forth in the Federal Rules of Civil Procedure.

- (e) The parties do not believe that the presumptive time limits for depositions should be modified.

10. **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that discovery materials will first be produced in hard copy (or PDF format). Either party may then request that certain materials be produced in its native format. Any concerns regarding the relevance of such

information to any parties' claim or defense and its proportionality to the needs of the case will be brought to the Court only after the parties have conferred in good faith to resolve them.  If the native format of the materials is not readily available or useable, or to the extent any objection is made to the format requested, then the parties will confer in good faith in an attempt to determine a mutually acceptable alternative format for production.  The parties agree to preserve relevant and discoverable electronically stored information in their possession.  The parties further agree they will preserve all operating systems, software, applications, hardware, operating manuals, codes, keys, and other support information needed to fully search, use, and access relevant electronically stored information that is within the scope of discovery.

      11.    **Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties agree that claims of privilege or attorney work-product protection for items inadvertently produced during discovery will be addressed in a manner consistent with Rule 26(b)(5)(B) and that such inadvertent production alone will not be deemed a waiver of the claim of privilege or the attorney work-product protections.  The parties further agree that no inadvertently produced documents protected by a privilege or the attorney-work product doctrine may be used as evidence against the producing party in this case or any other proceeding of any kind.

      12.    **Motions:** The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers may be filed until the motion has been fully briefed.

The parties acknowledge that Local Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel involved in the dispute will confer in a good-faith effort to resolve the dispute.  In addition, the

parties recognize that all nondispositive motions must be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiffs:  Plaintiffs do not anticipate filing a dispositive motion.

Defendants:  Defendants expect that they will file a motion for summary judgment.

The parties anticipate that all pre-motion conference requests will be filed by June 3, 2019.

13. **Alternative Dispute Resolution:**  The parties recommend that this case be submitted to the following method of alternative dispute resolution:

Plaintiffs:   Private mediation within 60 days, with Defendants' answers to initial discovery requests produced in advance of mediation.

Defendants:  Private mediation within 60 days, with Plaintiffs' answers to interrogatories and documents produced in advance of mediation.

14. **Length of Trial:**  The parties estimate that trial will last approximately 3 to 5 days, allocated equally between the presentation of the parties' cases.

15. **Electronic Document Filing System:**  Counsel will follow Local Rule 5.7(a).

16. **Other:**  The parties may need translation services at deposition and trial.

| | |
|---|---|
| SALVATORE PRESCOTT & PORTER | MILLER JOHNSON |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| /s/  Nakisha N. Chaney (with consent) <br> Nakisha N. Chaney | /s/  Mark S. Wilkinson <br> Mark S. Wilkinson |
| July 31, 2018 | July 31, 2018 |

MJ_DMS 29890285v1 44663-1